UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

| | |
|---|---|
| LAQUANA M. GORDON,   Petitioner,   V.   DAVID PAUL, Warden,   Respondent. | Civil Action No. 5: 23-52-KKC   MEMORANDUM OPINION AND ORDER |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Federal inmate LaQuana Gordon is currently serving a 66-month prison term for trafficking in controlled substances. *United States v. Gordon*, No. 2: 19-CR-33-DLB-CJS-3 (E.D. Ky. 2019). Gordon challenges the Bureau of Prisons ("BOP") calculation of her good time credits under the First Step Act ("FSA"). But Gordon did not raise her present claims in her inmates grievances, and abandoned the grievance process on the claims she did present. Her claims are therefore unexhausted. For these reasons the Court will dismiss her § 2241 petition without prejudice on initial screening.

In 2018, Congress enacted the First Step Act "to reform sentencing law and to reduce recidivism." *United States v. Saldana*, 807 F. App'x 816, 818 (10th Cir. 2020). The FSA permits certain prisoners who complete approved "evidence-based recidivism reduction [EBBR] programming" or "productive activities" to earn credits that will be applied to reduce the time spent in prerelease custody or supervised release. 18 U.S.C. § 3632(d)(4)(A), (C). For every 30

days spent in EBBR programming or productive activities, FSA credit accrues at a rate of 10 days, with an extra 5 days if the inmate is considered a "minimum" or "low" risk for recidivism and has not increased their recidivism risk for two consecutive assessments. 18 U.S.C. § 3632(d)(4)(A)(i), (ii). Credits begin to accrue once the inmate's federal sentence commences, but can be lost for prison disciplinary infractions. 18 U.S.C. § 3632(e).

The BOP published an interim procedure to calculate FSA credits in January 2022. At that point, once an inmate was within 24 months of their projected release date, the BOP would manually calculate the inmate's FSA credits, but would apply the 15 day accrual rate regardless of whether the inmate was actually entitled to that earning rate. By September 2022, the BOP had automated the calculation process so that an inmate's FSA credits were accurately calculated each month, and applied them until the inmate reached the statutory maximum of 365 credits or were within 18 months of their release date. *See Poff v. Carr*, No. 4:21-CV-1288-P, 2022 WL 2133871, at *5 (N.D. Tex. June 14, 2022).

In August 2022, Gordon filed informal and formal grievances complaining that none of her 8 months of FSA credits had been applied to her sentence. The warden responded on August 9, 2022, explaining that the BOP was still implementing its system to calculate FSA credits, with first priority given to calculating and applying FSA credits for inmates within 24 months of their release date. Gordon's projected release date at that time was March 31, 2025, seven months past the 24-month window. [R. 1-1 at 7-11]

Gordon appealed to the Mid-Atlantic Regional Office ("MARO"), again requesting that her FSA credits be immediately applied to her sentence. MARO responded on November 8, 2022, eleven days after its extended deadline to do so. MARO advised Gordon that her FSA credits had not been applied to her sentence because she was in "opt-out" status, *see* [R. 1-2 at 4-5], a matter she could address and potentially resolve simply by talking with her Unit Team. [R. 1-1 at 3-5]

After MARO issued its response but five days before Gordon received it, Gordon filed an appeal to the Central Office. By regulation, Gordon was permitted to appeal given MARO's failure to respond timely. *See* 28 C.F.R. § 542.18. Gordon again complained that her FSA credits, by then 10 months worth, had not been applied to her sentence. On December 15, 2022, the Central Office rejected her appeal, noting that she had not included a copy of MARO's response as required by regulation, and providing her with 15 days to resubmit her corrected appeal. Gordon received the rejection notice on January 25, 2023. [R. 1-1- at 1-2] Instead of following the Central Office's direction, Gordon filed her petition three weeks later.

By January 2023, the issue raised in Gordon's grievances had been rendered moot: in three different FSA Time Credit Assessments in January 2023, the BOP indicated that Gordon's FSA time credits were being applied to her sentence. [R. 1-2 at 1-3] In the most recent of these, the BOP had applied 270 days to Gordon's sentence. *See id*. at 1. This advanced Gordon's projected release date from March 2025 to July 2024. [R. 1-3 at 1-2]

With that background in mind, the Court will deny Gordon's habeas corpus petition for several reasons. First, Gordon did not pay the required filing fee or file a motion to proceed *in forma pauperis*. She has therefore failed to properly initiate a civil action in this Court. *See* 28 U.S.C. § 1914. Second, Gordon did not fully and properly exhaust her administrative remedies. Before filing suit a prisoner must exhaust all available administrative remedies, and must do so "properly," meaning in full compliance with the agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). Here, Gordon disregarded the Central Office's rejection of her grievance and its directions about how to cure the precipitating defect. That is not permitted. *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) ("An inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so.").

More fundamentally, the issue Gordon grieved was mooted when the BOP applied FSA credits to her sentence. Gordon now asserts an entirely different claim than the one she pursued in her inmate grievances. Gordon complains that the BOP has given her three different calculations of her FSA credits,[1] and argues that she is entitled to earn 15 days of FSA credit for each month of EBBR programming because she has maintained a low or minimum level PATTERN Score. *See* [R. 1 at 3, 6] In an accompanying motion, Gordon complains that the BOP's interpretation of the FSA is inconsistent with the statutory text and has resulted in

---

[1] Gordon's records do not support this assertion. *See* [R. 1-2 at 1-3]

4

confusing and repeated revisions to her release date. *See* [R. 4][2] Gordon is entitled to an adequate explanation of her FSA credits from the BOP, but she must obtain it in the first instance from her Unit Team. If she disagrees with the BOP's calculation, she must first file the necessary inmate grievances and appeals before seeking habeas relief.

Requiring proper exhaustion will work no hardship upon Gordon. In her petition she seeks to have the 15-day earning rate applied from March 23, 2021 forward. [R. 1 at 6] The BOP is already applying that higher earning rate from March 18, 2022, onward; Gordon seeks to have it applied to the 12-month period from March 23, 2021 to March 18, 2022. The BOP is currently applying the 10-day earning rate for those 12 months. [R. 1-2 at 1] Thus, even if Gordon is correct she will earn only 60 additional days of FSA credits. This is not a trivial amount, but importantly it will advance her projected release date to May 2024. Gordon therefore has time to properly exhaust her administrative remedies well before that date, or even before she is considered for halfway house placement. Requiring exhaustion will also serve the core purposes of the exhaustion requirement: "to allow an administrative agency to perform functions within its special competence - to make a factual record, to apply its expertise, and to correct its own errors so as to moot judicial controversies." *Parisi v. Davidson*, 405 U.S. 34, 37 (1972); *Detroit Newspaper Agency v. N.L.R.B.*, 286 F.3d 391, 396 (6th Cir.

---

[2] This document is identical in all material respects to motions filed by other federal inmates at the same facility in a handful of recently-filed habeas corpus petitions. *Cf. Thomas v. Paul*, No. 5:23-CV-51-GFVT (E.D. Ky. 2023) [R. 1, 4 therein].

5

2002). The Court will therefore deny the petition to permit Gordon to properly exhaust her administrative remedies regarding calculation of her FSA credits.

Accordingly, it is **ORDERED** as follows:

1. LaQuana Gordon's petition for a writ of habeas corpus [R. 1] is **DENIED** without prejudice.

2. The Court will enter a corresponding judgment.

3. This matter is **STRICKEN** from the docket.

Entered: February 23, 2023.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY